OPINION
PER CURIAM.
A Maryland jury convicted John Leonard-Bey, Jr. of felony murder but acquitted him of the sole underlying felony, attempted armed robbery. After unsuccessful direct and collateral review in the Maryland courts, Leonard-Bey petitioned the United States District Court for the District of Maryland for habeas relief pursuant to 28 U.S.C. § 2254. The district court granted the writ on the ground that Leonard-Bey’s trial counsel was ineffective because he failed to request a jury instruction specifying that Leonard-Bey must be acquitted of felony murder if he was acquitted of the underlying felony. We reverse because the Maryland court did not unreasonably apply clearly established federal law when it concluded that Leonard-Bey’s lawyer acted within prevailing norms of the profession.
I.
Leonard-Bey was with Wendell Daniels while Daniels was making his rounds to collect drug debts in Annapolis. Daniels approached Reno Green and demanded payment of a debt. When Green balked, Daniels pulled a gun to intimidate him, and the two got into a scuffle. When it looked like Daniels was losing, Leonard-Bey shot and killed Green. Leonard-Bey was tried on several charges in Maryland state court, including first degree murder, first degree felony murder, and attempted armed robbery. The jury returned an inconsistent verdict: it acquitted Leonard-Bey of the sole predicate (attempted armed robbery) for felony murder, yet found him guilty of felony murder. It also acquitted him of first degree murder.
The state trial court instructed Leonard-Bey’s jury as follows on felony murder: “In order to convict the Defendant of first-degree felony murder, the State must prove ... that the Defendant or another participating in the crime with the Defendant attempted to commit the crimes of robbery with a deadly weapon or robbery.” This instruction was taken almost verbatim from Maryland’s pattern jury instruction on felony murder. In his state habeas proceedings Leonard-Bey argued that his lawyer rendered ineffective assistance because he failed to request a clarifying instruction on felony murder, namely, an instruction stating that if the jury did not convict the defendant of the predicate felony charged, it must acquit him of felony murder. The state habeas court denied the writ, concluding that Leonard-Bey’s lawyer “acted well within the prevailing norms of the profession. Counsel’s failure to request any such instruction may have been a deliberate tactical choice.” The Maryland Court of Special Appeals sum *229 marily denied Leonard-Bey’s application for leave to appeal the order denying habe-as relief.
Leonard-Bey filed a successful petition for habeas relief in United States District Court. The district court held that the state habeas court’s decision was an unreasonable application of the Supreme Court’s precedent for determining ineffective assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the district court concluded that Leonard-Bey was entitled to the clarifying felony murder instruction and that his lawyer failed to request it because of his “lack of understanding of existing state law.” Specifically, the court found nothing in the record to indicate that the failure to request the instruction was a strategic or tactical decision. Second, the court concluded that there was a reasonable probability that Leonard-Bey would have been acquitted on the felony murder count if the clarifying instruction had been given. The writ was therefore granted, and the State of Maryland now appeals.
II.
We review de novo the district court’s decision to grant the writ of habeas corpus. See Spicer v. Roxbury Corr. Inst, 194 F.3d 547, 555 (4th Cir.1999). This case involves a question of law. Thus, the writ may be granted only if the state habeas court’s decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. See 28 U.S.C.A. § 2254(d)(1). The clearly established and applicable federal law is set forth in Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): a defendant’s Sixth Amendment right to effective assistance of counsel is violated if (1) “counsel’s representation falls below an objective standard of reasonableness” and (2) “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”
We will assume without deciding that Leonard-Bey, if his lawyer had requested it, was entitled to a clarifying instruction on felony murder, specifically, that if the jury did not convict him on the predicate felony (attempted armed robbery), it must acquit him of felony murder. The threshold question under Strickland, then, is whether Leonard-Bey’s trial counsel rendered ineffective assistance by failing to request the clarifying instruction in this case. As we will explain, the state court was correct in concluding that counsel was not ineffective.
“Judicial scrutiny of counsel’s performance must be highly deferential.” Strickland, 466 U.S. at 689,104 S.Ct. 2052. In particular, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.” Id. (citation and internal quotations omitted). At the state habeas hearing Leonard-Bey’s trial counsel testified that he could not remember why he did not request the clarifying jury instruction.[1] *230 Leonard-Bey argues that there was no strategic advantage in not requesting the instruction. We do not agree with Leonard-Bey. He may have been spared exposure to the death penalty because it was not made clear to the jury — due to the lack of the clarifying instruction — that the jury should acquit him of felony murder if it found him not guilty of the underlying felony.
Because the jury instructions failed to clarify the relationship between the underlying felony and felony murder, the options for Leonard-Bey’s jury, if it was inclined to convict on homicide, included the following: (1) convict him of first degree murder, (2) convict him of both the underlying felony and felony murder, or (8) convict him of felony murder only. Leonard-Bey, of course, points out that the jury had a fourth option: to acquit him of all of the homicide-related charges. Leonard-Bey would have been eligible for the death penalty if the jury had chosen option one or two, first degree murder or felony murder plus the underlying felony. Leonard-Bey was not eligible for the death penalty under the option chosen by the jury, felony murder only (option three). If the clarifying instruction had been given, it is unlikely that the jury would have chosen option three because a jury is presumed to follow its instructions. See, e.g., McKoy v. North Carolina, 494 U.S. 433, 454, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) (Kennedy, J., concurring). Leonard-Bey notes that the jury acquitted him of first degree murder and the underlying felony, and he argues that if the clarifying instruction had been given, the jury would likely have chosen option four, acquitting him of everything, including felony murder. However, if the clarifying instruction made option three (felony murder) an unlikely choice for the jury, there was no guarantee (particularly at the instruction stage) that the jury would not choose option one, first degree murder. Again, a first degree murder conviction would have made Leonard-Bey eligible for the death penalty. It is a valid trial strategy to risk an inconsistent verdict by not asking for a clarifying instruction when asking for the instruction could lead to a consistent verdict that would trigger eligibility for the death penalty. This strategy makes sense in Maryland, where the courts have generally been tolerant of inconsistent verdicts.[2] Moreover, as a general matter, it appears to be a reasonable trial tactic not to draw attention to a crime (here, attempted armed robbery) that could serve as the aggravating factor leading to death penalty exposure in the event of a conviction for felony murder.
In sum, the fact that Leonard-Bey’s lawyer did not request an instruction that the jury must acquit Leonard-Bey of felony murder if it acquitted him of attempted armed robbery might well have resulted in a more favorable verdict for Leonard-Bey, that is, the guilty verdict on felony murder only. This inconsistent verdict rendered *231 him ineligible for the death penalty.[3] Consequently, Leonard-Bey has failed to overcome the presumption that it was sound trial strategy to refrain from requesting the clarifying instruction. Leonard-Bey has therefore not satisfied the first element (substandard representation) of the Strickland test. As a result, the state habeas court did not unreasonably apply Strickland when it concluded that Leonard-Bey’s trial counsel acted “within the prevailing norms of the profession.” Accordingly, we reverse the district court’s order granting Leonard-Bey’s petition for habeas corpus relief.

REVERSED.

Reversed by unpublished per curiam opinion. Judge GREGORY wrote a dissenting opinion.

. The dissent questions whether Leonard-Bey's counsel had any strategy in mind when he did not ask for the clarifying instruction. However, determining the reasonableness of a lawyer’s performance is an objective inquiry: "[t]o uphold a lawyer's strategy, we need not divine the lawyer's mental processes underlying the strategy.” Chandler v. United States, 218 F.3d 1305, 1315 n. 16 (11th Cir.2000). Again, the only question is whether under prevailing professional norms “the challenged action might be considered sound trial strategy.” Strickland, 466 U.S. at 689, 104 S.Ct. *230 2052 (citation and internal quotations omitted).

. While Maryland courts have not ruled on the specific issue of whether a defendant may be convicted of felony murder when the jury has found him not guilty of the only possible predicate felony, the Maryland Court of Appeals has said "the question of verdict inconsistency has been considered in several cases, and has been consistently rejected as forming the basis for voiding a conviction." Ford v. State, 274 Md. 546, 552, 337 A.2d 81 (1975). The rationale for tolerating inconsistent verdicts is “ 'that inconsistencies may be the product of lenity, mistake, or a compromise to reach unanimity, and the continual correction of such matters would undermine the historic role of the jury as arbiter of questions put to it.’ " Bates v. State, 127 Md.App. 678, 694, 736 A.2d 407 (Md.Ct.Spec.App.1999) (quoting Shell v. State, 307 Md. 46, 54, 512 A.2d 358 (1986)).

. The dissent fails to take into account that an expanded jury instruction on felony murder could have increased the risk of a guilty verdict on the first degree murder charge, which would have made Leonard-Bey eligible for the death penalty. After all, the evidence against Leonard-Bey was quite strong: he shot Reno Green twice and killed him after Green and Leonard-Bey’s companion, Wendell Daniels, got into a fight over a drug debt.